09-1921-ag
Perasevic v. Holder

BIA
A 079 328 563
A 079 328 564

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of February, two thousand ten.

PRESENT:
>        GUIDO CALABRESI,
>        ROBERT A. KATZMANN,
>        DEBRA ANN LIVINGSTON,
>                *Circuit Judges*.

_____

SMAIL PERASEVIC AND NEBIJA PERASEVIC,
        *Petitioners*,

        v.                              09-1921-ag
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONERS:        Charles Christophe, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General, Civil Division; Luis E. Perez, Senior Litigation Counsel; Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, natives and citizens of the former Yugoslavia, seek review of an April 13, 2009, order of the BIA denying their third motion to reopen their removal proceedings. *In re Smail Perasevic and Nebija Perasevic*, Nos. A 079 328 563, A 079 328 564 (B.I.A. Apr. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

2

Here, the BIA did not abuse its discretion in denying petitioners' untimely and number-barred motion to reopen. Much of the evidence petitioners included with their motion was already submitted, or was available for submission, at the time of their hearing before the IJ, and was therefore not previously unavailable. *See id.* Furthermore, contrary to petitioners' conclusory statement that the evidence "depicts worsening country conditions for ethnic Albanians in Montenegro," the BIA properly found that the evidence merely documented "the continued existence of some police and human rights abuses in Montenegro." Therefore, the BIA did not abuse its discretion in denying petitioners' motion to reopen based on their failure to establish changed circumstances in Montenegro. *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii).

Finally, although the BIA erred in finding that Smail Perasevic's affidavit was "unsworn," we decline to remand on that basis. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275-76 (2d Cir. 2006) (declining to remand because the Court could "predict with confidence" that the BIA would reach the same conclusion absent the error). Because that affidavit concerned the same claim that the IJ had previously found not credible, the BIA was under no obligation to afford it

3

any probative weight.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007) (holding that the agency may properly conclude that a prior adverse credibility determination undermines the authenticity of documentary evidence filed in support of a motion to reopen).

For the foregoing reasons, the petition for review is DENIED.  Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk